**Lawrence M. JOHNSON, Appellant,**

v.

**PERKINS RESTAURANTS, INC., Appellee.**

No. 86–5303.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1987.

Decided April 9, 1987.

Rehearing and Rehearing En Banc Denied June 25, 1987.

James T. Hynes, St. Paul, Minn., for appellant.

Jan Stuurmans, Minneapolis, Minn., for appellee.

Before WOLLMAN, Circuit Judge, and BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Lawrence Johnson appeals the decision of the district court[1] denying his claim for damages and lost income, liquidated damages and attorneys' fees under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* (1982). We find no error in the district court's decision, and accordingly affirm.

## I. FACTUAL BACKGROUND.

Johnson, who was sixty years old when fired, worked since November of 1979 as a service technician for Perkins Restaurants. On February 1, 1983, while working at a Perkins Restaurant in Fridley, Minnesota, Johnson kissed a sixteen year-old waitress named Julie Hommes on the back of the head. The next day Johnson was fired for sexual harassment.

## II. DISCUSSION.

Johnson argued before the district court that he was wrongfully fired based on age, and that the sexual harassment charge was merely a pretext. The court found that Johnson had made a prima facie case of discrimination because he was in a protected age group, was satisfying the normal requirements of his job when fired, and after the firing Perkins continued to seek applicants with similar qualifications. The court next examined whether Perkins had advanced a legitimate nondiscriminatory reason for the firing. Under the ADEA, an employer may meet this burden by showing that the firing was "for good cause," 29 U.S.C. § 623(f)(3), or by showing that it was "based on reasonable factors other than age," 29 U.S.C. § 623(f)(1).

Perkins claimed that Johnson was fired because he violated explicit company policy against sexual harassment,[2] set out in Perkins Human Resources Policy Memo No. 449, which considers sexual harassment as "grounds for disciplinary action, including termination." Johnson responded that in firing him, Perkins had violated Perkins Human Resources Policy Memo No. 445, which provides that "documented progressive warnings [shall] be issued to employees in case of substandard performance

---

1. United States District Court for the District of Minnesota. The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota, sitting by designation.

2. After learning of the incident, Carol Piecek, general manager of the Fridley Perkins, contacted her supervisor and was told to prepare a work history. As news of the osculation spread, Piecek was told of other incidents of contacts involving Johnson and other Perkins employees, which she included in the work history.

and/or violation of company policy or procedures." The district court found, however, that under the terms of the sexual harassment policy (Memo No. 449), progressive discipline was only applicable "when appropriate." The district court thus found reasonable Perkins' explanation that because each case was looked at individually, a sexual harassment charge might legitimately result in immediate termination pursuant to management discretion. In sum, the district court found that Johnson failed to prove that, more likely than not, Perkins improperly fired him based on age, and dismissed Johnson's complaint. Johnson then filed a motion for a new trial based on the improper introduction into evidence of a deposition, because the witness was not unavailable. This motion was denied.

Before this court, Johnson argues that the district court erred in forcing him to provide direct evidence of an age-related motivation for the firing, and thus failed to determine whether sexual harassment was the real reason. Johnson also argues that the district court failed to account for unrefuted evidence showing discrimination. Johnson finally argues that the district court erred in not ordering a new trial.

In examining these issues, we must accord substantial deference to the district court's findings and may set them aside only if clearly erroneous.

A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. * * * In applying the clearly erroneous standard to the findings of a district court sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues *de novo*. * * * Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Anderson v. City of Bessemer City, North Carolina,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citations omitted). Our review of the record, under this standard, convinces us that the district court's findings of fact are not clearly erroneous, nor do we discern any errors of law. Nor do we find that the court abused its discretion in denying Johnson's motion for a new trial. Accordingly, we affirm the judgment of the district court pursuant to 8th Cir. R. 14.